IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: JOSEPH DECKER  :  No. 3:14cv380
: 
:  (Judge Munley)
: 
:  (Bankruptcy Appeal)
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# MEMORANDUM

Before the court is Debtor Joseph Decker's (hereinafter "debtor") emergency motion for a stay pending resolution of his appeal from Bankruptcy Judge Robert N. Opel, II's order dismissing his Chapter 13 bankruptcy case without prejudice.

**Background**

Debtor filed a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code on December 17, 2013, in the United States Bankruptcy Court for the Middle District of Pennsylvania. (Doc. 1-2, Bankr. Docket (hereinafter "Bankr. Docket") at 1-4). Rather than pay the $281.00 filing fee, debtor filed an application to pay the filing fee in installments pursuant to Federal Rule of Bankruptcy Procedure 1006(b)(1). (Id. at 2).

On December 18, 2013, Judge Opel denied debtor's application to pay the filing fee in installments. (Id.) Judge Opel further ordered debtor to pay the full $281.00 filing fee on or before December 27, 2013. (Id.) Although

debtor received Judge Opel's December 18th Order, debtor failed to remit the $281.00 filing fee. (Id.)  Accordingly, on January 6, 2014, Judge Opel dismissed debtor's Chapter 13 bankruptcy case without prejudice.  (Id. at 3). Based on the dismissal of his bankruptcy case, debtor filed the instant appeal on February 4, 2014 and a subsequent motion for an emergency hearing on March 13, 2014.[1]

**Jurisdiction**

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy courts.

---

[1] The court notes that debtor may have filed an untimely appeal.  The Federal Rules of Bankruptcy Procedure provide that a party may "appeal from a final judgment, order, or decree of a bankruptcy judge to a district court . . . by filing a notice of appeal with the [bankruptcy court] clerk within the time allowed by Rule 8002."  FED. R. BANKR. P. 8001.  Rule 8002 states that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  FED. R. BANKR. P. 8002(a).

In the instant case, the Bankruptcy Court issued its order on January 6, 2014.  Thus, debtor had fourteen (14) days–or until January 20, 2014–to file his notice his appeal.  See FED. R. BANKR. P. 8002(a).  Debtor, however, filed his notice of appeal on February 4, 2014–fifteen (15) days after the required appeal period.  (See Bankr. Docket at 3-4).  Because debtor's brief in support of his appeal is due on or before March 20, 2014, the court will not address the potential untimeliness of his appeal at this juncture.

**Discussion**

Debtor seeks a stay pending the court's resolution of his Bankruptcy appeal. The Federal Rules of Bankruptcy Procedure provide that:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, . . . or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court . . . , but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.

FED. R. BANKR. P. 8005. Stated differently, prior to requesting a stay in the district court, the debtor must first: (1) seek a stay from the bankruptcy court and (2) indicate why the requested relief was not obtained from the bankruptcy court. In re Highway Truck Drivers & Helpers Local Union No. 107, 888 F.2d 293, 298 n.6 (3d Cir. 1989); In re Zahn Farms, 206 B.R. 643, 644-45 (2d Cir. B.A.P. 1997).

A review of debtor's motion reveals that debtor has not sought a stay from the bankruptcy court nor indicated why the requested relief was not obtained. The entirety of debtor's emergency motion states as follows:

> To whom it may [*sic*] I Joseph Decker have been doing everything on my own to try and get a chapter 13 with out [*sic*] being able to hire a lawyer to help me I am not a lawyer nor do I have any legal backgroundand [*sic*] everything I do to try and get this case to move forward it seems like because I am poor

> that I hit a brick wall and everything my one creditor try [*sic*] gets grants I was always thought that when someone need [*sic*] asst. they were able to get help but I guess this is not so and [*sic*] less you are rich . . . I dont [*sic*] mean no disrespect to the court but it seems everything I do is rejectedby [*sic*] the trustee in this case or the numerous case [*sic*] he has had dismissed on me and now my truck has been sent to be sold and the bank can still have me pay for this so I ask the court respectfully to hear my side in this case and re instate [*sic*] my stay and assign a new trustee in this matter.

(Doc. 4, Emergency Mot. for Hr'g at 1).

Here, debtor has failed to establish that he sought a stay pending appeal from the bankruptcy court. Rather, debtor conveys his frustration as a *pro se* Chapter 13 litigant. Such frustration fails to satisfy the requirements of Rule 8005. Additionally, debtor has failed to indicate why the requested relief was not obtained from the bankruptcy court. As such, the court will deny debtor's emergency motion for a stay pending appeal.

Although the court has concluded that the debtor has failed to comply with the procedural requirements of Rule 8005, the court will nevertheless briefly address the merits of debtor's emergency motion for a stay. In determining whether to grant a stay pending appeal, the court must consider four factors: (1) whether the applicant has made a strong showing of likely success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other parties and

(4) how the public interest will be affected. <u>Republic of Phil. v. Westinghouse Elec. Corp.</u>, 949 F.2d 653, 658 (3d Cir. 1991); <u>In re Edwards</u>, 228 B.R. 573, 575 (E.D. Pa. 1999). A court "may deny a motion for stay if the movant fails to make a showing on any of the above factors." <u>In re Genesis Health Ventures, Inc.</u>, 367 B.R. 516, 519 (D. Del. 2007); <u>In re Blackwell</u>, 162 B.R. 117, 120 (E.D . Pa. 1993). Moreover, "the decision of whether to grant or lift a stay is committed to the sound discretion of the court." <u>In re Blackwell</u>, 162 B.R. at 119 (citation omitted).

Here, debtor has failed to establish a likelihood of success on the merits. Debtor filed a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code on December 17, 2013, in the United States Bankruptcy Court for the Middle District of Pennsylvania. (Bankr. Docket at 1-4). Rather than pay the $281.00 filing fee, debtor filed an application to pay the filing fee in installments pursuant to Federal Rule of Bankruptcy Procedure 1006(b)(1). (<u>Id.</u> at 2).

On December 18, 2013, Judge Opel issued an order denying debtor's application to pay the filing fee in installments and ordered debtor to pay the full $281.00 filing fee on or before December 27, 2013. (<u>Id.</u>) Although debtor received Judge Opel's December 18th Order, debtor failed to remit the

$281.00 filing fee. (Id.)  Accordingly, on January 6, 2014, Judge Opel dismissed debtor's Chapter 13 case without prejudice.  (Id. at 3).

Federal law provides that, unlike a Chapter 7 debtor, a Chapter 13 debtor cannot waive their filing fee.  28 U.S.C. § 1930(f)(3); In re Brown, —F.3d—, 2014 WL 563601, at *2 (11th Cir. 2014); In re Donahue, 410 B.R. 751, 753-54 (Bankr. N.D. Ga. 2009).  Rather, Chapter 13 debtors are **required** to pay a filing fee upon the commencement of their Chapter 13 case or request to pay the filing fee in no more than four installments.  28 U.S.C. §§ 1930(a) & (b)(1)-(2).  Debtor's failure to pay his filing fee upon the commencement of his Chapter 13 action or by the time established by Judge Opel after he denied debtor's motion to pay the filing fee in installments is fatal to his appeal.  In short, federal law precludes debtors from circumventing the Chapter 13 filing fee.  Accordingly, debtor's instant appeal is likely without merit.

Moreover, debtor is not likely to suffer irreparable injury because he is not precluded from filing another Chapter 13 bankruptcy petition.  Debtor's Chapter 13 bankruptcy case was **dismissed without prejudice**.  This means that debtor is free to file a new Chapter 13 petition as long as debtor pays the Chapter 13 filing fee.  As such, debtor has failed to establish irreparable

6

injury. Because debtor has failed to establish the likelihood of success on the merits or irreparable injury, the court will deny his motion for a stay. See In re Genesis Health Ventures, Inc., 367 B.R. at 519 (stating that a court "may deny a motion for stay if the movant fails to make a showing on any of the above factors.").

**Conclusion**[2]

For the reasons stated above, the court will deny debtor's motion for an emergency hearing. Debtor has failed to comply with the procedural requirements of Rule 8005. Moreover, debtor has failed to establish a likelihood of success on the merits or irreparable injury. An appropriate order follows.

**Date:  3/17/2014**                                        **s/ James M. Munley**
                                                            **JUDGE JAMES M. MUNLEY**
                                                            **United States District Court**

---

[2] Debtor also filed an emergency motion to appoint counsel. A debtor does not have a constitutional right to counsel in a bankruptcy case. In re Trinsey, 115 B.R. 828, 834 (E.D. Pa. 1990) (citations omitted). Rather, Federal law provides that a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). Here, the court will decline to request an attorney to represent debtor because debtor's appeal is likely without merit.