# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JOSEPH DECKER | : | No. 3:14cv380 |
| | : | |
| | : | (Judge Munley) |
| | : | |
| | : | (Bankruptcy Appeal) |

## MEMORANDUM

Before the court is Debtor Joseph Decker's (hereinafter "debtor") bankruptcy appeal. (Doc. 1). For the reasons that follow, the court will dismiss debtor's appeal for failure to file a brief in violation of a court order.

**Background**

Debtor filed a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code on December 17, 2013, in the United States Bankruptcy Court for the Middle District of Pennsylvania. (Doc. 1-2, Bankruptcy Docket (hereinafter "Bankr. Docket") at 1-4). Rather than pay the $281.00 filing fee, debtor filed an application to pay the filing fee in installments pursuant to Federal Rule of Bankruptcy Procedure 1006(b)(1). (Id. at 2).

On December 18, 2013, Bankruptcy Judge Robert N. Opel II denied debtor's application to pay the filing fee in installments. (Id.) Judge Opel further ordered debtor to pay the full $281.00 filing fee on or before December 27, 2013. (Id.) Although debtor received Judge Opel's December 18th Order, debtor failed to remit the filing fee. (Id.) Accordingly, on January 6, 2014,

Judge Opel dismissed debtor's Chapter 13 bankruptcy case without prejudice. (Id. at 3). Based on the dismissal of his bankruptcy case, debtor filed the instant appeal on February 4, 2014. (Id.)

**Jurisdiction**

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy courts.

**Legal Standard**

The district court reviews the bankruptcy court decisions of law *de novo*. In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. FED. R. BANKR. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); In re O'Brien, 188 F.3d at 122.

**Discussion**

In the instant case, the court addresses whether debtor's appeal should be dismissed in light of his failure to file a brief in support of his appeal and failure to follow an order of court. Prior to dismissing the appeal for such a failure, however, the Third Circuit Court of Appeals requires the court to

2

examine the following six (6) factors:

> 1. The extent of the party's personal responsibility;
> 2. The prejudice to the adversary caused by the failure;
> 3. A history of dilatoriness;
> 4. Whether the conduct of the party or the attorney was willful or in bad faith;
> 5. The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> 6. The meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also In re Mondelli, 349 F. App'x 731, 732-33 (3d Cir. 2009) (requiring a district court to analyze a bankruptcy appeal under Poulis prior to dismissal for procedural violations).

"[T]here is no 'magic formula' or 'mechanical calculation' with regard to a Poulis analysis." In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013) (quoting Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008)). Rather, the district court must make explicit factual findings concerning these factors with the understanding that it is not necessary that all of the factors point towards default before a dismissal sanction will be upheld. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 919 (3d Cir. 1992) (citations omitted). The court addresses these factors *in seriatim*.

**1. Extent of the party's personal responsibility**

Pursuant to the first factor, the court assesses the extent of the debtor's personal responsibility in prosecuting this action. Poulis, 747 F.2d at 868.

Here, debtor is acting *pro se*, which precludes assessing blame on anyone other than debtor. In re Buccolo 308 F. App'x 574, 575 (3d Cir. 2009) (citing Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002)). Ergo, debtor's sole responsibility for his appeal weighs in favor of dismissal.

**2. Prejudice to the adversary**

The court next considers prejudice to the appellee caused by debtor's failure to meet scheduling orders and file supporting briefs. Poulis, 747 F.2d 863, 868. In the instant case, prejudice toward the adversary is *de minimis* because an appellee does not exist. Rather, debtor contends that the Bankruptcy Court erred in dismissing his Chapter 13 petition for failure to pay the filing fee. Thus, this factor is neutral regarding dismissal.

**3. A history of dilatoriness**

The third factor requires the court to explore debtor's history of dilatoriness. Id., 747 F.2d 863, 868. Here, debtor's underlying appeal demonstrates dilatoriness because it was filed late. The Federal Rules of Bankruptcy Procedure provide that a party may "appeal from a final judgment, order, or decree of a bankruptcy judge to a district court . . . by filing a notice of appeal with the [bankruptcy court] clerk within the time allowed by Rule 8002." FED. R. BANKR. P. 8001. Rule 8002 states that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." FED. R. BANKR. P. 8002(a).

4

In the instant case, the Bankruptcy Court issued its order on January 6, 2014. Thus, debtor had fourteen (14) days–or until January 20, 2014–to file his notice his appeal. See FED. R. BANKR. P. 8002(a). Debtor, however, filed his notice of appeal on February 4, 2014–fifteen (15) days **after** the required appeal period. (See Bankr. Docket at 3-4). Accordingly, his underlying appeal was late, which demonstrates a history of dilatoriness.

Moreover, the record establishes that the Chapter 13 Trustee moved to dismiss the bankruptcy case because debtor filed his required schedules late. Specifically, on January 6, 2014, the Chapter 13 Trustee moved to dismiss debtor's petition for failure to timely file the required schedules and statements. (Id. at 3). The Bankruptcy Clerk of Court set a hearing for January 29, 2014. (Id.) This hearing, however, did not occur because in the interim, the case was dismissed for failure to pay the required filing fee. As such, debtor's failure to timely file the required schedules and statements and failure to file a timely appeal establish a history of dilatoriness, which weigh in favor of dismissal.

### 4. Whether the conduct of the party was willful or in bad faith

The court next addresses whether debtor's conduct was willful or in bad faith. Poulis, 747 F.2d 863, 868. A party's behavior is willful when it "involves intentional or self-serving behavior." Adams v. Trs. of N.J. Brewery Emps. Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994). When evaluating

5

whether to dismiss a case with prejudice, courts look for the "type of willful or contumacious behavior that can be characterized as acting in 'flagrant bad faith.'" Smith v. Altegra Credit Co., Civ. A. No. 02-8221, 2004 WL 2399773, at *6 (E.D. Pa. Sept. 22, 2004) (quoting Adams, 29 F.3d at 875). Consistent failure to comply with a court's orders despite warnings about the consequences of noncompliance is sufficient evidence of "flagrant bad faith" to warrant dismissal. Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640-41 (1976) (per curiam).

In the instant case, debtor's failure to file a supporting brief establishes bad faith. Rule 8009 of the Bankruptcy Rules provides that "[u]nless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits . . . (1) The appellant shall serve and file a brief within 14 days after entry of the appeal." The Third Circuit Court of Appeals has held that the fourteen day clock "starts ticking" under Rule 8009(a)(1), once notice of the docketing of the appeal in the district court has been properly sent to the appellant. In re Jewelcor Inc., 11 F.3d 394, 399 (3d Cir. 1993).

Here, the Clerk of Court gave notice to the debtor on March 3, 2014. (Doc. 2). A brief was not filed within the fourteen day period, and in fact, has not been filed at all. Prior to dismissing debtor's appeal for failure to timely file a brief, the court, on March 21, 2014, ordered debtor to file a brief within ten

6

(10) days or the case would be dismissed. (Doc. 8). Twenty-four (24) days have elapsed since the issuing of that order, and the debtor has not yet filed a brief, which establishes bad faith. Nat'l Hockey League, 427 U.S. at 640-41; Adams, 29 F.3d at 875. As such, debtor's failure to file a brief in support of his appeal within fourteen (14) days after the Clerk of Court's entry of his appeal or within ten (10) days of the court's March 21st order weigh in favor of dismissal.

**5. Effectiveness of sanctions other than dismissal**

The court next determines the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d 863, 868. No such alternatives appear to the court and appellant has not suggested any. A possible alternative would be to grant debtor an extension of time to file a brief in support of his appeal. Granting any further extension, however, would reward debtor's failure to comply with the Bankruptcy Rules and an order of court. As such, the absence of alternative sanctions weighs in favor of dismissal.

**6. The meritoriousness of the claim or defense**

Finally, the court must delve into the meritoriousness of debtor's appeal. Id., 747 F.2d 863, 868. Ordinarily, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70.

7

Here, the record fails to establish a meritorious claim. Debtor filed a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code on December 17, 2013, in the United States Bankruptcy Court for the Middle District of Pennsylvania. (Bankr. Docket at 1-4). Rather than pay the $281.00 filing fee, debtor filed an application to pay the filing fee in installments pursuant to Federal Rule of Bankruptcy Procedure 1006(b)(1). (Id. at 2).

On December 18, 2013, Judge Opel issued an order denying debtor's application to pay the filing fee in installments and ordered debtor to pay the full filing fee on or before December 27, 2013. (Id.) Although debtor received Judge Opel's December 18th Order, debtor failed to remit the filing fee. (Id.) Accordingly, on January 6, 2014, Judge Opel dismissed debtor's Chapter 13 case without prejudice. (Id. at 3).

Federal law provides that, unlike a Chapter 7 debtor, a Chapter 13 debtor cannot waive his filing fee. 28 U.S.C. § 1930(f)(3); In re Brown, —F.3d—, 2014 WL 563601, at *2 (11th Cir. 2014); In re Donahue, 410 B.R. 751, 753-54 (Bankr. N.D. Ga. 2009). Rather, Chapter 13 debtors are **required** to pay a filing fee upon the commencement of their Chapter 13 case or request to pay the filing fee in no more than four installments. 28 U.S.C. §§ 1930(a) & (b)(1)-(2). Debtor's failure to pay his filing fee upon the commencement of his Chapter 13 action or by the time established by Judge

8

Opel after he denied debtor's motion to pay the filing fee in installments is fatal to his appeal.  In short, federal law precludes debtors from circumventing the Chapter 13 filing fee.  Accordingly, debtor's bankruptcy case was dismissed for failing to pay the filing fee.  Therefore, debtor's instant appeal of that dismissal is likely without merit, which weighs in favor of dismissal.

**Conclusion**

For the reasons set forth above, the court will dismiss debtor's bankruptcy appeal.  Debtor is personally responsible for his appeal, has demonstrated a history of dilatoriness and his appeal lacks merit.  An appropriate order follows.

**Date:   4/16/14**  	**s/ James M. Munley**
	**JUDGE JAMES M. MUNLEY**
	**United States District Court**